OGAN *v.* JACKSON.

Opinion delivered December 19, 1927.

WATERS AND WATERCOURSES—SALE OF WATER IMPROVEMENT DISTRICT—DISTRIBUTION OF PROFITS.—Where the plant of an old water and light improvement district was purchased by a new district, and, in consideration of the price of the plant, the landowners in the old district received a reduction in assessment of benefits, and thereafter the new district was purchased by a light and power company, which assumed the payment of outstanding bonds, the amount in the hands of the new district as profits and purchase price was properly distributed equally among the landowners of the old and new districts.

Appeal from Cross Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*T. E. Lines,* for appellant.

*Killough, Killough & Killough,* for appellee.

HART, C. J. Appellants prosecute this appeal to reverse a decree of the chancery court ordering them, as commissioners of Water and Light Improvement Dis-

trict No. 2 of Wynne, Arkansas, to pay to appellees, as owners of real property in said district, a certain per cent. of the benefits assessed by said improvement district against the real property of appellees as their part of the profits derived from the sale of the plant of said improvement district.

A statement of the facts sufficient for the purposes of this appeal is as follows: In 1899, Water and Light Improvement District No. 1, embracing a portion of the incorporated town of Wynne, was organized. The corporate limits of the town were subsequently extended, and, it having the requisite population, Wynne became a city of the second class. Water and Light Improvement District No. 2 embraces the territory of District No. 1 and much other territory of the city of Wynne, and was organized for the purpose of reconstructing the existing waterworks and extending the same. An attack upon the validity of the new district was sustained on the ground that it had no power to acquire the water and light plant constructed by the old district. *Sembler* v. *Water & Light Improvement District No. 2,* 109 Ark. 90, 158 S. W. 972. Subsequently the Legislature of 1915 passed an act validating the organization of Light and Water Improvement District No. 2 of Wynne and authorizing the organization of improvement districts for the purposes of reconstructing and extending waterworks and electric lights. Acts of 1915, p. 9. Pursuant to the power conferred by the provisions of this act, said District No. 1 sold its plant to said District No. 2 for the sum of $10,000. The old plant was incorporated into and became a part of the new plant of said District No. 2. The new plant cost a total of $100,000. Bonds to the amount of $90,000 were issued to raise funds with which to pay the additional cost of the new plant. It was agreed that the $10,000 owed to District No. 1 should be paid by allowing a set-off to the property owners in the assessment of benefits upon their property. The Legislature of 1923 passed an act authorizing the sale of waterworks, gas or electric plants belonging to or operated by municipal corpora-

tions or improvement districts. Gen. Acts of 1923, p. 252. Pursuant to the provisions of this act, the Arkansas Light & Power Company purchased the plant of said District No. 2 in February, 1926. The consideration was $35,000 in cash and the assumption of outstanding bonds of the district aggregating $83,000. District No. 2 already had on hand profits from the proceeds of operation of its plant in the sum of $10,525.53. This made a total of $45,525.53 to be disbursed to the property owners in said District No. 2.

Appellees owned property in said District No. 2, but not in said District No. 1. It is the contention of appellees that the proper distribution of the sum of $45,525.53 in the hands of appellants entitles each owner of real property in said District No. 2 to a *pro rata* share of said profits, and that the plant of the original district, valued at $10,000, should not be taken into account in making the disbursement.

We are of the opinion that the decision of the chancellor was correct. It is true that the plant of District No. 1 was valued at $10,000 and sold to District No. 2 for that sum. In consideration of the sale, and in part payment of the price, the owners of real property in District No. 1 for a period of three years received a reduction in the assessment of benefits upon their property. When the property of District No. 1 was sold to District No. 2 and bonds in the sum of $90,000 were issued, the property situated in District No. 1 became liable for its proportionate part of these bonds. In other words, its property was liable for an assessment of benefits for the payment of these bonds the same as the other property in District No. 2. When District No. 2 sold its property to the Arkansas Light & Power Company and that company assumed the payment of the outstanding bonds, this relieved the property in District No. 1 from that burden as well as the other property in District No. 2. Besides this, there was a sum of money already on hand which had accrued as profits to District No. 2 in operating its plant. In the purchase of the

plant, the Arkansas Light & Power Company agreed to furnish certain free service and also to pay a cash con- ·sideration, which has already been stated. Under these circumstances the owners of real property in District No. 1 have only the interest in the money to be reim- bursed to the property owners of District No. 2 as have the ·other property owners in said district. The chancel- lor recognized this equality of interest, and rendered a decree ·based thereon. It follows that the decree will be affirmed.